## No. 9921.

### DYER, ET AL. *v.* BENGTSON.

Decided January 9, 1922. Rehearing denied February 6, 1922.

Action on promissory note. Judgment for defendant.

### *Reversed.*

1. FRAUD—*Defense—Burden.* The burden is upon defendant to establish the defense of fraud by clear and convincing proof.

   Evidence reviewed and held not to sustain the burden in this case.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, Mr. ELMER L. BROCK, for plaintiffs in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties here occupy the same relative position as in the trial court. Plaintiffs, who are brokers, had a contract with The Wright Producing & Refining Company for certain of its stock. They obtained this from the corporation at $2.37½ per share and sold 2000 shares of it to defendant at $4.00 per share. Defendant executed his notes for the purchase price and upon his failure to pay these and take the stock plaintiffs brought this action for damages in the sum of $3250, being their profit of $1.62½ per share lost by defendant's failure to comply with his contract. The defense relied upon was fraud. Verdict was returned in favor of defendant and to review the judgment thereupon entered plaintiffs bring error. The answer contains the following allegation:

"The said plaintiffs, * * *, did further represent unto the defendant that the market price of the said stock and the lowest price at which the same could be obtained was the sum of $4.00 per share."

If the judgment be sustained it must be upon that allegation and the evidence in support of it. All other allegations of fact concern matters of opinion, future contingencies, and legitimate "puffing", or were wholly unsupported by evidence.

The strongest, and practically the only, evidence concerning the alleged representations as to market value is the following testimony of the defendant, given on cross-examination:

"Q. Mr. Bengtson, you testified that Mr. Dyer said to you that this stock was worth $4.00 a share? A. Yes sir.

Q. What did you understand from that? A. Well, that is the way I understood it.

Q. Did you understand that to be the current price at which the stock was selling, or the price at which the company was offering the stock, or did you merely understand it to be his opinion as to what the stock was worth? A. He said the stock was worth $4.00 a share and I took that to be the market price of it.

Q. He did not say that was the market price did he? A. Well, he said that was the price of it."

The strongest, and practically the only, evidence concerning the alleged representations as to the price at which the stock could be obtained at the time was the following testimony of defendant given on direct examination:

"Did he tell you that the stock could not be offered to the public at less than $4.00 a share. A. Well, he said it was worth $4.00 a share."

It will thus be observed that defendant made no claim that the *market price* was expressly represented to him to be $4.00 a share, or even that he so interpreted the statement of Dyer. He says that he "took that to be the market price" but it does not definitely appear that he so "took" it from what Dyer had said. It will furthermore be noted that in answer to a leading question on the subject of the price at which the stock could be obtained defendant declined to make the answer put in his mouth by counsel.

If we could say from the foregoing that the rule requiring proof of fraud by evidence conclusive and satisfactory had thus been met, it still devolved upon the defendant to show the falsity, at the date thereof, of this representation concerning value. The only attempt to meet this requirement was by the introduction of evidence, indefinite and unsatisfactory, as to the price at which this stock had been sold a considerable time prior

to the date of the contract and at which it was offered for sale at a considerable time thereafter. Admitting the correctness of all this evidence it constitutes no proof of the falsity of plaintiffs' representations of a "market value" of $4.00 per share (if any such were in fact made) at the time of the contract.

The sole defense to this action was fraud and the burden rested upon defendant to establish it by clear and convincing proof. That burden he wholly failed to sustain. Plaintiffs' motion for a directed verdict should have been granted. The judgment is reversed and the cause remanded with directions to enter judgment for plaintiffs.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT.

MR. JUSTICE ALLEN dissents.

MR. JUSTICE BAILEY not participating.